UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERMAN A. ARJONA,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>PATRICK COVELLO,<br><br>　　　　　Respondent. | Case No. 24-cv-04378-RFL (PR)<br><br>**ORDER TO SHOW CAUSE**<br><br>Dkt. No. 2 |

## INTRODUCTION

Petitioner German A. Arjona seeks federal habeas relief from his California state conviction for murder. The petition for habeas relief is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

The petition states cognizable claims. Accordingly, on or before **March 10, 2025**, Respondent shall file an answer or a dispositive motion in response to the habeas petition.

Arjona's motion to proceed in forma pauperis is GRANTED. (Dkt. No. 4.) The Clerk shall terminate Dkt. No. 4.

## BACKGROUND

In 2018 Arjona was convicted by a Santa Clara County Superior Court jury of first degree murder (Cal. Penal Code § 187). (Pet., Dkt. No. 1 at 2.) The jury also found true allegations that Arjona personally discharged a firearm (Cal. Penal Code § 12022.53(d)) and committed the offense for the benefit of, at the direction of, and in association with a criminal street gang (Cal. Penal Code § 186.22 (b)(5)). (Pet., Dkt. No. 1 at 2.)[1] A sentence of 50 years to life was imposed. (*Id.*) His attempts to overturn his convictions in state court were unsuccessful.

---

[1] *People v. Arjona*, No. H047331, 2023 WL 1433099 (Cal. Ct. App. Feb. 1, 2023).

## DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, Arjona claims that (1) the prosecutor committed misconduct; (2) the trial court gave flawed instructions on self-defense; (3) the trial court failed to clarify jury instructions regarding justifiable homicide, self-defense, and defense of another; and (4) there was cumulative error. (Pet., Dkt. No. 1 at 6-9.) When liberally construed, these claims are cognizable and shall proceed.

Arjona's motion to proceed in forma pauperis is GRANTED. (Dkt. No. 4.)

## CONCLUSION

1. The Clerk shall serve electronically a copy of this order upon the Respondent and the Respondent's attorney, the Attorney General of the State of California, at the following email addresses: SFAWTParalegals@doj.ca.gov and docketingsfawt@doj.ca.gov. The petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. The Clerk shall serve by mail a copy of this order on Petitioner.

2. On or before **March 10, 2025**, Respondent shall file with the Court and serve on Petitioner, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on Petitioner's cognizable claims. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a

determination of the issues presented by the petition.

    3. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent's counsel within thirty (30) days of the date the answer is filed.

    4. In lieu of an answer, Respondent may file, on or before **March 10, 2025**, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within thirty (30) days of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within fifteen (15) days of the date any opposition is filed.

    5. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel.

    6. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court and Respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

    7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

    8. Arjona's motion to proceed in forma pauperis is GRANTED. (Dkt. No. 4.)

    9. The Clerk shall terminate Dkt. No. 4.

**IT IS SO ORDERED.**

**Dated:** November 1, 2024

                                                         RITA F. LIN
                                           United States District Judge