UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| GERMAN A. ARJONA,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>PATRICK COVELLO,<br><br>　　　　Respondent. | Case No. 24-cv-04378-RFL (PR)<br><br>**ORDER DENYING MOTION TO STAY;**<br><br>**ORDER DENYING MOTION FOR THE APPOINTMENT OF COUNSEL AND FOR DISCOVERY;**<br><br>**ORDER SETTING TRAVERSE FILING DEADLINE**<br><br>Dkt. Nos. 12, 13 |

**INTRODUCTION**

Petitioner German A. Arjona moves to stay federal habeas proceedings so that he can exhaust new claims in state court. (Dkt. No. 13.) Respondent has filed an opposition. (Dkt. No. 16.) Arjona has filed a reply. (Dkt. No. 17.)

Arjona's motion to stay is DENIED. He has not shown good cause: the factual basis of every new claim was known to him at the time of trial and he has not set forth a reasonable excuse, supported by sufficient evidence, to justify the failure to exhaust. Furthermore, he has waited nearly a year since this federal habeas action was filed before asking for a stay, despite having known about these claims since his 2018 trial.

This action will proceed on the four claims found cognizable in the Order to Show Cause. Respondent has filed an answer addressing the merits of these claims. (Dkt. No. 9.) On or before **April 6, 2026**, Arjona shall file a traverse in response to the answer. If he does not file a traverse by April 6, 2026, the Court will deem him to have waived his right to file a traverse and will consider the petition submitted and ready for a ruling.

1

Arjona's motion for the appointment of counsel and to obtain discovery is DENIED. (Dkt. No. 12.)  Arjona has not shown he requires counsel.  He has ably prosecuted his case thus far, including submitting an amended petition, a motion for a stay, and a motion for the appointment of counsel and discovery.  His discovery requests relate largely to his new claims, and because those claims will not proceed, the question of discovery is moot.  The four cognizable claims are record-based and require no discovery materials to enable Arjona to support them.

## BACKGROUND

In 2018 Arjona was convicted by a Santa Clara County Superior Court jury of first degree murder (Cal. Penal Code § 187).  (Pet., Dkt. No. 1 at 2.)  The jury also found true allegations that Arjona personally discharged a firearm (Cal. Penal Code § 12022.53(d)) and committed the offense for the benefit of, at the direction of, and in association with a criminal street gang (Cal. Penal Code § 186.22 (b)(5)).  (Pet., Dkt. No. 1 at 2.)[1]  A sentence of 50 years to life was imposed.  (*Id.*)  His attempts to overturn his convictions in state court were unsuccessful. He then filed the instant federal habeas action under 28 U.S.C. § 2254.

In the initial petition, Arjona put forth the following grounds for federal habeas relief: (1) the prosecutor committed misconduct during closing argument; (2) the trial court gave flawed instructions on self-defense; (3) the trial court failed to clarify jury instructions regarding justifiable homicide, self-defense and defense of another; and (4) there was cumulative error. (Pet., Dkt. No. 1 at 6-9.)  All were found cognizable and respondent was ordered to show cause why the petition should not be granted.  (OSC, Dkt. No. 8.)  Respondent filed an answer addressing the merits of the claims.  (Dkt. No. 9.)  Arjona filed an amended petition and a motion to stay in response, rather than a traverse.

In his amended petition, Arjona presents eight new claims, in addition to the four above: (1) the prosecutor suppressed evidence of a civil class action about Taurus handguns (First Am.

---

[1] *People v. Arjona*, No. H047331, 2023 WL 1433099 (Cal. Ct. App. Feb. 1, 2023).

Pet., Dkt. No. 14 at 14); (2) the prosecutor presented false evidence that the victim's firearm did not fire with the safety on (*id.* at 26); (3) trial counsel failed to present expert witnesses to testify that the victim's gun could fire with the safety on and to testify regarding the Taurus guns civil class action (*id.* at 28); (4) the prosecutor suppressed information about "the additional benefits" of a plea bargain agreement with Arjona's co-defendant (*id.* at 36); (5) trial counsel failed to ask the trial judge to ask jurors whether they saw spectators wearing t-shirts that had a photograph of the victim on them (*id.* at 37); (6) trial counsel would not allow Arjona to testify in his own defense (*id.* at 40); (7) trial counsel failed to call an expert witness to testify about gangs and gang culture (*id.* at 41); and (8) trial counsel failed to remind the trial judge to clear up confusion about jury instructions (*id.* at 51).

## DISCUSSION

### I.    MOTION TO STAY

In "limited circumstances" a district court may stay a mixed petition under *Rhines v. Weber*, 544 U.S. 269 (2005), to allow a petitioner to exhaust claims in state court. Under *Rhines*, a district court must stay a mixed petition only if: (1) the petitioner has "good cause" for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics. *Wooten v. Kirkland*, 540 F.3d 1019, 1023.

While "good cause" does not mean "extraordinary circumstances," *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005), it does require a petitioner to "set forth a reasonable excuse, supported by sufficient evidence," to justify the failure to exhaust. *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014). A "bald assertion cannot amount to a showing of good cause," *id.*, nor can allegations that are "insufficiently detailed," *King v. Ryan*, 564 F.3d 1133, 1138 (9th Cir. 2009).

A.       PROSECUTORIAL MISCONDUCT CLAIMS:  CLAIMS 1, 2 AND 4

1.       CLAIM 1

Arjona has not shown good cause for a stay regarding his claim that the prosecutor suppressed evidence regarding Taurus gun litigation, specifically *Carter v. Forjas Taurus*, S.A., No. 1:13-CV-24583-PAS, 2016 WL 3982489 (S.D. Florida, Jul. 22, 2016).  He has known about this evidence since his 2018 trial and has offered nothing to justify the failure to exhaust since then.  In fact, as respondent points out, the defense brought the Taurus litigation to the attention of the court, and the prosecutor said that he first learned of the litigation when the defense asked a witness about it.  (Opp., Dkt. No. 16 at 3; Reporter's Transcript, Dkt. No. 9-5 at 2247.)  Also, he has waited nearly a year while this action was pending to move for a stay.

For these same reasons, Arjona also has not shown that this claim is potentially meritorious.  Not only is there no indication that the prosecutor knew of or suppressed material evidence, because defense counsel had time to make use of this evidence at trial, there is no violation of the prosecutor's duty to disclose under *Brady v. Maryland*, 373 U.S. 83 (1963).  *LaMere v. Risley*, 827 F.2d 622, 625 (9th Cir. 1987).

Arjona's claim that he lacks counsel and is proceeding pro se does not constitute good cause.  "[P]ro se status and ignorance of the law is insufficient to demonstrate good cause." *Cartwright v. Gipson*, No. 1:13-cv-00463-AWI-SAB (HC), 2013 WL 3968443, at *1 (E.D. Cal. Jul. 31, 2013).  Arjona also contends that good cause exists because trial counsel was ineffective. (Dkt. No. 13 at 12.)  This is insufficient.  Nothing prevented Arjona from pursuing state collateral relief pro se on his claims after the trial ended.  His contention that trial counsel failed to give him his file in a timely manner, but by his own account, he did not request his file until August 2024, six years after his conviction.  (Motion for an Extension, Dkt. No. 10 at 14.) Furthermore, he has waited nearly a year while this action was pending to move for a stay, and does not offer any good explanation for this lack of diligence.  "[I]n exercising sound discretion when evaluating good cause under *Rhines*, the district court must consider a petitioner's diligence (or lack thereof) in pursuing his state court remedies after he files his federal petition."

4

*Banks v. Allison*, 140 F.4th 1181, 1187 (9th Cir. 2025).

### 2.      CLAIM 2

Arjona has not shown good cause for a stay regarding his claim that the prosecutor presented false evidence that the victim's firearm did not fire with the safety on.  By this, he means that the prosector's evidence was contrary to the findings resulting from the Taurus litigation.  Because the prosecutor did not know of the Taurus litigation until defense counsel raised it at trial, there is no viable claim that he presented false evidence in this instance.  Also, Arjona has known about this evidence since trial, has offered nothing to justify the failure to exhaust since his 2018 trial, and has waited nearly a year while this action was pending to move for a stay.

### 3.      CLAIM 4

Arjona has not shown good cause for a stay regarding his claim that the prosecutor suppressed information about "the additional benefits" of a plea bargain agreement with Arjona's co-defendant.  He fails to articulate what these additional benefits are, or how their alleged suppression worked to his detriment.  Insufficiently detailed allegations cannot meet the good cause standard.  *King*, 564 F.3d at 1138.  Nor has he articulated facts showing that such a claim is potentially meritorious.

### B.      TRIAL COUNSEL CLAIMS:  CLAIMS 3, 5-8

Arjona has not shown good cause for any of the remaining claims.  As noted above, he was aware of the factual basis of these claims since his 2018 trial, and has not "set forth a reasonable excuse, supported by sufficient evidence," to justify the failure to exhaust.  *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014).  When he initiated this action, he could have filed a petition containing all new claims he now wants to exhaust and asked for a stay.  He has given no reasonable excuse why he has waited until now to attempt to exhaust his claims, a delay which shows a lack of diligence.  *Banks*, 140 F.4th at 1187 (a district court must consider diligence in pursuing state court remedies after filing a federal petition).

Arjona's motion for a stay is DENIED.

## II.    MOTION FOR COUNSEL AND FOR DISCOVERY

Arjona also has filed a motion for the appointment of counsel and for discovery.  (Dkt. No. 12.)

There is no right to counsel in habeas corpus actions.  *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986).  A district court is authorized under 18 U.S.C. § 3006A(a)(2)(B) to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation.  The decision to appoint counsel is within the discretion of the district court, *see Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), and should be granted only when exceptional circumstances are present.  *See generally* 1 J. Liebman & R. Hertz, *Federal Habeas Corpus Practice and Procedure* § 12.3b at 383-86 (2d ed. 1994).

Arjona has not shown that there are exceptional circumstances warranting the appointment of counsel.  He has ably prosecuted his suit thus far, including asking for a stay, submitting a very detailed 60-page amended petition and a 40-page request for discovery.  Also, his request for counsel is based on his need to obtain discovery.  Because his discovery motion will be denied, there is no need to appoint counsel for discovery purposes.  His motion for counsel is DENIED.

Arjona also asks for much discovery, including materials relating to the Taurus class action, reports and other materials regarding the state's firearm expert, copies of plea bargains, reports and other materials related to the testimony of gang expert witness Mora-Villalobos, police reports, and many other documents.  (Dkt. No. 12 at 20-24.)

A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course.  *See Bracy v. Gramley*, 520 U.S. 899, 904 (1997).  However, Rule 6(a) of the Federal Rules Governing Section 2254 Cases, provides that a "judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery."  Before deciding whether a petitioner is entitled to discovery under Rule 6(a) the court must first identify the essential elements of the

underlying claim. *Bracy*, 520 U.S. at 904. The court must then determine whether the petitioner has shown "good cause" for appropriate discovery to prove his claim. *Id.* Good cause for discovery under Rule 6(a) is shown " 'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.' " *Id.* at 908-09 (citation omitted).

Arjona's motion for discovery is DENIED for lack of good cause. The discovery requests do not relate to the four cognizable claims of prosecutorial misconduct during closing argument, instructional error, failure to respond to a jury question, and cumulative prejudice. These four claims are based on the trial court record and require no further support beyond that. His requests relate largely to the new and unexhausted claims, which will not proceed.

The motion for discovery is DENIED.

## CONCLUSION

Arjona's motion to stay is DENIED. (Dkt. No. 13.) This action will proceed on the claims found cognizable in the Order to Show Cause. Respondent has filed an answer, addressing the merits of these claims. (Dkt. No. 9.) On or before **April 6, 2026**, Arjona shall file a traverse in response to the answer. If he does not file a traverse by April 6, 2026, the Court will deem him to have waived his right to file a traverse and will consider the petition submitted and ready for a ruling.

Arjona's motion for counsel and for discovery is DENIED. (Dkt. No. 12.) To the extent Arjona's motions include a motion for leave to file an amended petition, it is DENIED. The operative petition in this action is filed as Dkt. No. 1.

The Clerk shall terminate Dkt. Nos. 12 and 13.

**IT IS SO ORDERED.**

**Dated:** February 2, 2026

RITA F. LIN
United States District Judge

7